UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
09 MAR 12 PM 12:10

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **09 MJ 0835** |
| Plaintiff, | Case No. |
| | **AMENDED COMPLAINT FOR VIOLATION OF:** |
| v. | Title 8, U.S.C., Section 1326 |
| | Deported Alien Found in the United States |
| **Carlos FIGUEROA-Gaona,** | Title 21, U.S.C., Sec. 841 (a)(1) |
| | Possession with intent to Distribute |
| | Methamphetamine (Felony) |
| Defendant | Title 18, U.S.C., Sec. 922(g)(5)(A) |
| | Possession of a Firearm by an Illegal Alien (Felony) |

The undersigned complainant, being duly sworn, states:

### COUNT ONE

On or about, **March 9, 2009**, within the Southern District of California, defendant, **Carlos FIGUEROA-Gaona,** an alien, who previously had been excluded, deported and removed from the United States to Mexico was found in the United States without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, § 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, § 1326.

### COUNT TWO

That on or about **March 9, 2009**, within the Southern District of California, defendant **Carlos FIGUEROA-Gaona,** did knowingly and intentionally possess, with intent to distribute, a mixture and substance containing a detectable amount, to wit: approximately 0.0394 kilograms (0.08678244 pounds) of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841 (a) (1).

### COUNT THREE

That on or about **March 9, 2009**, within the Southern District of California, defendant **Carlos FIGUEROA-Gaona,** an alien, illegally and unlawfully in the United States, did knowingly and unlawfully possess, in and affecting commerce, a firearm to wit: **Remington .30 Caliber Rifle** and **King Cobra Colt .357 Revolver,** and ammunition to wit: 73 rounds of .308 caliber ammunition and 29 rounds of .38/.357 caliber ammunition, in violation of Title 18, United States Code, Section 922 (g)(5)(A).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Alexander Roozan
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **12th** DAY OF **MARCH, 2009**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Carlos FIGUEROA-Gaona

## AMENDED
## PROBABLE CAUSE STATEMENT

Border Patrol Agent A. Roozen was assigned to the Smuggling Interdiction Group/Criminal Alien Squad (SIG/CAS), Agent Roozen reviews various sources in order to determine if criminal aliens who have been previously removed from the United States have returned to the United States, in violation of Title 8, United States Code § 1326. This includes but is not limited to, current or past incarceration history, traffic violations, vehicle registration, law enforcement field interviews and/or current/past investigations. On March 9, 2009, Agent Roozen used DHS systems to conduct official record checks on defendant **Carlos FIGUEROA-Gaona**, a previously deported alien. Record checks revealed that FIGUERORA was possibly residing in San Diego, California in violation of his previous deportation order. On March 9, 2009, Agent Roozen initiated surveillance operations on the 100 block of S. 47th Street in San Diego, California. Agent Roozen saw the defendant exit a residence, stand outside for a few minutes and enter the residence. On the aforementioned date, Agent Roozen saw the defendant repeatedly enter and exit the resident.

Nothing contained in DHS system records show that the defendant has applied to the Attorney General of the United States or the Secretary of Department of Homeland Security for permission to re-enter the United States. Based on the foregoing there is probable cause to believe that **Carlos FIGUEROA-Gaona** has illegally re-entered the United States after deportation in violation of Title 8 of the United States Code, § 1326, deported alien found in the United States.

On March 11, 2009, Border Patrol Agents from the San Diego Sector, Smuggling Interdiction Group/Criminal Alien Squad (SIG/CAS) executed a federal arrest and search warrant on a residence located on South 47th Street, San Diego, California. **Carlos FIGUEROA-Gaona**, a previously deported alien, was the subject of the arrest and search warrants.

During the execution of the arrest and search warrants, Agent A. Roozen encountered FIGUEROA living at the target residence. FIGUEROA was interviewed and admitted to Agent Roozen that he was a citizen of Mexico, not in possession of any immigration documents that would allow him to enter or remain in the United States. FIGUEROA was placed under arrest on March 11, 2009 at 6:05 am for illegally re-entering into the United States in violation of 8 USC 1326.

During the search of the residence, Senior Patrol Agent A. Cacho recovered the following items from FIGUEROA's bedroom closet: one Remington Rifle .30 Caliber, one King Cobra Colt .357 Caliber Revolver, one "My Weigh" scale, seventy three rounds of .308 caliber ammunition, twenty nine rounds of .38/.357 caliber ammunition, $852.00 U.S. Currency, eleven plastic bags with a white powdery substance which was later determined by Narc-Kit Jr. to be approximately 0.0394 kilograms (0.08678244 pounds) of methamphetamine, two plastic bags with a white powdery substance which was later determined by Narc-Kit Jr. to be approximately 0.0049 kilograms (0.0108 pounds) of cocaine, and one plastic bag with a dark substance which was later determined by Narc-Kit Jr. to be approximately .0023 kilograms (0.00506 pounds) of heroin. FIGUEROA was transported to the Brown Field Border Patrol Station for processing.

Special Agent J. Weber from the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the Colt .357 revolver and the Remington .30 caliber rifle. Agent Weber determined that neither the Colt revolver nor the Remington rifle were manufactured in the State of California, thus affecting interstate commerce.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **July 24, 2007** through **Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated

successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

## CONTINUATION OF COMPLAINT:
Carlos FIGUEROA-Gaona

Defendant Carlos FIGUEROA-Gaona was advised of his Miranda rights and he stated that he understood those rights. FIGUEROA stated that he was willing to make a statement without an attorney present. FIGUEROA admitted to being a citizen of Mexico illegally present in the United States without valid immigration documentation that would allow him to enter or remain in the United States legally. FIGUEROA knowingly crossed the international border between the United States and Mexico illegally to be with his family in September of 2008. He paid $4,000.00 US Dollars to a foot-guide to cross near the San Ysidro Port of Entry in San Diego, California. He admitted to being formally deported from the United States 4 times, the last being in August of 2007.

FIGUEROA had been living on S. 47th Street, San Diego, California since 2004 with his common law wife and three minor children. The agents asked FIGUEROA to describe the house and its contents. FIGUEROA was able to describe the house as a single bedroom house with many of his personal effects in the closet near his bedroom. When confronted with the weapons and drugs the agents seized from the closet, he claimed no knowledge of any of the above referenced items. The interview was terminated.